## Pennsylvania Railroad Company, Appellant, *v.* Keally.

*Railroads—Carriers—Demurrage charges—Affidavit of defense.*

In an action by a railroad company to recover demurrage charges for the detention of cars, an affidavit of defense is sufficient to prevent judgment which avers that the defendant was not in fault as respects the detention of any of the cars, that he desired to unload them within the free time allowed, and that he was prevented from doing so by the plaintiff itself, stating the reasons and causes which brought the prevention; and this is the case although the statement of claim gives specific information as to the detention of each car, and the charges therefor. In such a case it is not necessary for the defendant in his affidavit of defense to specify in detail the facts respecting the detention of each of the cars referred to in the statement of claim.

Argued May 1, 1911. Appeal, No. 168, Oct. T., 1909, by plaintiff, from order of C. P. No. 4, Allegheny Co., Second T., 1908, No. 598, discharging rule for judgment in case of The Pennsylvania Railroad Company v. Charles L. Keally, Sr., trading and doing business as Charles L. Keally, Sr. & Co. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for demurrage charges.

Rule for judgment for want of a sufficient affidavit of defense.

The following opinion of CARNAHAN, J., states the case:

The plaintiff company, being a corporation of the state of Pennsylvania, and engaged as a common carrier in the

business of transporting goods and merchandise, transported certain car loads of goods consigned from points beyond the state of Pennsylvania to the city of Pittsburg, and in its statement claims that it delivered the same to the defendant on the plaintiff's public sidings at the Pennsylvania lines produce yards in Pittsburg, the defendant having procured the said shipments to be consigned and shipped to him by the respective consignors. On the arrival of these cars from time to time at the produce yard, which was the place of delivery, as claimed by the plaintiff, the defendant was given due notice.

The plaintiff company has had continuously from June 1, 1903, in effect a system of storage charges applicable to cars containing goods of consignees delivered at this produce yard. A schedule showing these charges was duly filed with the interstate commerce commission, according to which it appears that for each car not unloaded within forty-eight hours from the time it is placed in position for unloading (Sundays and legal holidays excluded) no charge is made; for the next succeeding two days there is a charge of $1.00 per car per day or fraction thereof; for the next succeeding two days there is a charge of $3.00 per car per day or fraction thereof; and for each succeeding day there is a charge of $4.00 per car per day or fraction thereof. In addition to these charges there are the usual car service charges.

For cars consigned to the defendant and delivered to him at this produce yard and not unloaded within the time allowed by the rules of the plaintiff company, the plaintiff claims of the defendant the sum of $1,566, with interest, and attaches to its statement two exhibits, the one showing the dates of the placing of the cars, the initials and numbers thereof, the time when each car was unloaded, the time of detention of each car after the expiration of the free time of forty-eight hours, and the amount of the charges therefor in accordance with its schedule of charges; and the other showing the schedule of charges as filed with the interstate commerce commission. Bills for

these amounts having been rendered to the defendant from time to time, and payment thereof having been refused, the plaintiff brings suit to recover the same with interest.

The defendant has filed three affidavits of defense. Briefly stated, he claims that he has paid to the plaintiff $1.00 per day for each car unloaded and remaining in the yards beyond the free time of delivery as provided by an act of assembly of the commonwealth of Pennsylvania, approved May 24, 1907, P. L. 229, and that these additional charges are illegal, unjust, unreasonable, discriminatory, and in violation of the act of congress approved February 4, 1887, 24 Stat. at Large, 379, entitled, "An Act to Regulate Commerce" and its supplements; that the charges claimed are not embraced within the interstate commerce act, but are subject to the statute of Pennsylvania; that it was the duty of the plaintiff to furnish sufficient facilities to enable the defendant to remove his produce from the cars within the free time allowed under the schedule of rates so fixed; that it failed to provide such facilities, the effect of which was to prevent defendant from unloading his cars within the free time allowed; that had such facilities been afforded he would have been able to remove his goods from the cars within the forty-eight hours allowed; that in the produce yards the tracks were not sufficient in size nor did said yards contain sufficient trackage to enable defendant to unload the cars and remove the contents in time to escape the additional charges for storage; "That through the said yards there is located a lead track of the plaintiff company upon which the shifting and hauling of other freight and produce often delays and prevents the switching of the produce cars from the lead track to the sidings in the yard, which delay prevented the defendant in this case from crossing the lead track in order to get to the cars that contained his produce on the other side of the said lead track;" that all of these charges were made by the plaintiff "as the proprietor of a public fruit and vegetable market using its tracks and

yards as a public market place for that purpose under an arrangement with a few produce yard merchants to which affiant was not a party, whereby said merchants could upon payment therefor, hold said cars at their pleasure, thus gaining for itself and the few with whom it arranged, a monopoly of the produce business to the detriment of all other shippers and consignees. In many instances cars were held from ten to thirty days. This unlawful practice resulted in a congestion of the yards at the time complained of to such an extent that defendant was unable to unload his cars, which he otherwise could have done within the free time."

The plaintiff entered a rule on defendant for judgment for want of sufficient affidavit of defense, and on July 7, 1909, this rule was argued and the same was discharged, without, however, an opinion being filed.

In making the order discharging the rule for judgment, this court considered for the purpose of the case, as it then was presented, that the charges were legal, reasonable, not discriminatory, and were not within the prohibitions of the Act of the commonwealth of Pennsylvania, approved May 24, 1907, P. L. 229, the business being interstate commerce. In the various affidavits of defense, it appears that the defendant claims that the delays for which these charges are made were occasioned by the plaintiff itself. In other words, the defendant claims that it was impossible for him to comply with the rules of the company and unload within the free time allowed, because of the obstructions placed in his way by the plaintiff company itself. If the defendant is able to prove that such was the fact, the plaintiff would not be entitled to recover. We do not overlook the fact that the plaintiff in its statement gives specific information as to the detention of each car and the charges therefor, but we do not consider that it is necessary for the defendant in his affidavits of defense to specify in detail the facts respecting the detention of each of these cars. It is sufficient to aver that he was not in fault as respects the detention of any of said cars;

and that he desired to unload them within the free time allowed, and he was prevented from doing so by the plaintiff itself, stating the reasons and causes which brought the prevention. The defendant in our judgment having averred sufficient to enable him to go to trial, we were of course constrained to refuse the rule for judgment, and therefore discharged it.

*Error assigned* was order dismissing rule.

*George Stuart Patterson* and *James R. Miller*, with them *Patterson, Sterrett & Acheson*, for appellant, cited: Penna. R. R. Co. v. Coggins Co., 38 Pa. Superior Ct. 129; Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426 (27 Sup. Ct. Repr. 350); Wilson Produce Co. et al. v. Penna. R. R. Co., 149 C. C. Rep. 170, and 169 C. C. Rep. 116; Conrad v. Telegraph Co., 162 Pa. 204; Penna. R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Atl. Coast Line R. R. Co. v. Macon Grocery Co., 166 Fed. Repr. 206.

*W. A. Stone*, of *Stone and Stone*, with him *L. K. & S. G. Porter*, for appellees, cited: H. W. Jones v. Penna. R. R. Co., 9 C. C. Docket, No. 1161.

PER CURIAM, July 6, 1911:

The order discharging the rule for want of a sufficient affidavit of defense is affirmed on the opinion of Judge CARNAHAN.