# Van Dyke, Appellant, *v.* Baker.

*Insurance—Fire insurance—Mutual insurance—Fraud—Notice of fraud—Intervening equities.*

In an action by the receiver of a mutual fire insurance company against a member to recover assessments, the defendant cannot set up a fraud as between the company and himself as against the rights of bona fide creditors and later members of the company, which had intervened subsequent to the date of the membership of the defendant. In such a case the burden is on the receiver to establish affirmatively the intervening equities in order that the defense of fraud should not avail; but he is not limited to such equities as intervened only after the discovery of the fraud by the defendant. Equities are binding upon the defendant which intervened at any time after the date of his membership.

Argued Jan. 16, 1906. Appeal, No. 177, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 239, on verdict for defendant in case of T. Kittera Van Dyke, Receiver of the Trust Mutual Relief Association, v. Franklin Baker, Jr. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover assessments. Before McMICHAEL, J.

At the trial plaintiff claimed that he had been induced to become a member of the company by false statements made by its president as to the amount of its contingent fund and the

total worth of its insurance in force. The plaintiff alleged that equities had intervened which barred the defendant from setting up the alleged fraud.

The court charged in part as follows :

[ Then you will have to determine whether or not the rights of any bona fide creditors intervened, and what they were. You have a book offered here in evidence, which is alleged to be one of the books of the company, but the receiver, through no fault of his—as far as appears, he did his whole duty in the premises—has been unable to give you all the books of the company. I think the evidence would persuade reasonable men that they were abstracted by the president of the company. At least, they were in the safe one night and they were not there the next day. The receiver has offered you some evidence that there were policies or contracts out, but it is for you to determine from the evidence whether any equity and any rights of any bona fide creditors had intervened (that is, come in between) after the fraud was discovered. I do not think I can bring the case down to any simpler terms for you.] [7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) refusal of binding instructions for plaintiff, and (7) portion of charge above quoted.

*Ira Jewell Williams*, for appellant.—The charge of the court erroneously defined an intervening equity : Cadbury v. Nolen, 5 Pa. 320 ; Penna. R. R. Co. v. Berry, 68 Pa. 272 ; Bisbing v. Third Nat. Bank, 93 Pa. 79 ; Reber v. Herring, 115 Pa. 599 ; Richards v. Willard, 176 Pa. 181.

There was no evidence of the falsity of the statements alleged to have been made by the president of the Trust Mutual Relief Association to defendant and relied upon as fraudulent.

The business of the company having admittedly been continued subsequent to defendant's becoming a member, the burden was upon the defendant to show that there were no intervening equities which required him to be held, which burden was not met: Howard v. Turner, 155 Pa. 349 ; Fire Ins. Co. v. Boggs, 172 Pa. 91 ; Daley v. Iselin, 212 Pa. 279.

The uncontroverted evidence, including the books of the company containing entries made by the defendant himself, and the correctness of which he does not dispute, shows that equities had intervened.

*M. Hampton Todd*, with him *George Bradford Carr*, for appellee.—We submit that this instruction is well within the rule laid down by this court in Sunbury Fire Ins. Co. v. Humble, 100 Pa. 495. See also New Era Life Assn. v. Weigle, 128 Pa. 577; Fire Ins. Co. v. Boggs, 172 Pa. 91; Dettra v. Kestner, 147 Pa. 566; Susquehanna Mut. Fire Ins. Co. v. Oberholtzer, 172 Pa. 223.

OPINION BY MR. JUSTICE ELKIN, February 26, 1906:

The first five assignments of error are predicated on the theory that the burden of proof was on the defendant to show not only that his policy of insurance was obtained by fraud, but in addition that there were no intervening equities. Fire Insurance Company v. Boggs, 172 Pa. 91, is relied on to sustain this contention. The question before the court in that case was the sufficiency of the affidavit of defense, and not the burden of proof. The affidavit of defense was held to be sufficient because it set up fraud in obtaining the contract, and also averred that there were no intervening equities. It was not held that defendant must affirmatively show that there were no intervening equities, but that inasmuch as he did aver there were none, it was a good defense to the action. It is quite another thing to say that the defendant was required to assume the burden of showing that there were no intervening equities. Ordinarily, the burden of proof is on the plaintiff, and we see no reason why it should be shifted in this case.

The rule that fraud between the original parties cannot be set up as a defense when the rights of third parties have intervened has been held to apply to the members of mutual fire insurance companies. In Dettra v. Kestner, 147 Pa. 566, this court stated the rule as follows: "Where the rights of innocent third parties have not intervened the principle contended for by defendant is applicable. In such case fraud justifies rescission of the vitiated contract, and as far as possible remits the parties to their former condition; but when, as in this case, the

rights of innocent third parties have intervened, and it is essential to their protection that a contract, otherwise vitiated by fraud, and therefore voidable, should be sustained, equity requires that it be upheld."

The facts of the case at bar do not distinguish it in principle from the case cited. The fraud set up by defendant in the court below will not avail him as a defense as against the rights of bona fide creditors and members of the corporation who became such after the date of the contract of membership entered into by him. The appellant, who is the receiver of the insolvent corporation, in order to liquidate the claims of these innocent third parties having intervening equities, instituted this suit to collect the amount of an assessment authorized by the court having jurisdiction of the receivership proceedings. The only question for determination at the trial was whether there were intervening equities arising subsequent to the date of the membership of defendant in the corporation. The burden was on the plaintiff to affirmatively establish the intervening equities in order that the defense of fraud set up should not avail.

This brings us to the consideration of the seventh assignment of error which relates to the instruction of the learned trial judge in defining intervening equities, wherein he said: " But it is for you to determine from the evidence whether any equity and any rights of any bona fide creditors had intervened, that is, come in between, after the fraud was discovered." This definition of an intervening equity was erroneous and no doubt inadvertently given by the learned court. An intervening equity is not necessarily one that "comes in after the fraud is discovered." The rights of creditors and of members which attached after the date of the contract of membership entered into by defendant and before the fraud was discovered and notice thereof given the insurance commissioner are intervening equities. A right which has attached between the date of membership and the discovery of the fraud has intervened within the meaning of the law and is therefore an intervening equity. The defendant became a member of the corporation on May 3, 1897, and did not discover and give notice of the fraud until almost two months later, so that it was only necessary for appellant to show that the equities intervened after May 3, while under the instructions of the court the jury would be led to be-

lieve that the intervening equities must have attached two months later when the fraud was discovered. A number of policies had been issued and the rights of some creditors had attached between May 3, the date of membership, and the time when the fraud was discovered. The rights of these parties had intervened and were protected under the rule stated.

Seventh assignment of error sustained, judgment reversed and a venire facias de novo awarded.