## Illoway v. Daly, Appellant.

*Corporations—Transfer of property—Dealings with stockholders.*

A private corporation may transfer to certain of its stockholders a portion of the assets of the company in consideration of the transfer to it of shares of stock held by such stockholders, and in liquidation of claims for services by such stockholders, if it appears that no creditors existed at the time of the transfer, that the transfer was not made with the intention of placing the property beyond the reach of probable future creditors, that there was no fraud on the stockholders, and that all of the stockholders knew of and con-

sented to the transfer. If the company subsequently becomes insolvent and goes into bankruptcy, the trustee in bankruptcy cannot recover the assets so transferred.

A corporation has the right to acquire stock of its own where the transaction is not prohibited by statute.

A strictly private corporation owing no peculiar duties to the public has the same dominion over and power to dispose of its property as an individual has.

Argued Oct. 13, 1916. Appeal, No. 123, Oct. T., 1916, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 4694, on verdict for plaintiff in case of Bernard A. Illoway, Trustee in Bankruptcy of Peter Holscher Cutstone Construction Co., Bankrupt, v. Denis A. Daly and Frederick Wielandt. Before ORLADY, P. J., PORTER, HEAD, KEPHART and WILLIAMS, JJ. Reversed.

Trespass for conversion of corporate property. Before SHOEMAKER, J.

Plaintiff's statement of claim averred that the Peter Holscher Cutstone Construction Company, a corporation, filed its voluntary petition in bankruptcy on April 5, 1913, and was, thereupon, duly adjudicated a bankrupt; that prior to this, in August, 1912, defendants were stockholders in the said company; that in August, 1912, defendants conspiring with others converted property of bankrupt corporation to the value of $1,556; that the right to recover this property vested in plaintiff upon his election and qualification as trustee in bankruptcy. Defendants pleaded not guilty.

The evidence tended to show that the company transferred to the defendants a portion of its assets in consideration of the transfer to it of the stock owned by the defendants, and in liquidation of claims for services by the defendants. There was nothing to show that creditors exercised at the time of the transfer, or that the transaction was intended to defraud the stockholders or future creditors.

333, (1916).]     Verdict—Opinion of the Court.

Verdict and judgment for plaintiff for $1,304. Defendants appealed.

*Error assigned* was in refusing defendants' motion for judgment n. o. v.

*E. P. Gallagher,* with him *Michael Barnett* and *M. D. Hayes,* for appellant.—Where a corporation in consideration of the return of some of its capital stock, transfers part of its assets to certain stockholders, a trustee in bankruptcy may not recover the value of these assets without showing that there were creditors in existence at the time of the transfer, who could have avoided it, and that these creditors were still in existence at the time of bankruptcy: In re New York Economical Printing Co., Cir. Ct. of App. 110 Fed. 514; Hewitt v. Berlin Machine Works, 194 U. S. 296; Coleman v. Dana (St. Louis Ct. of App.), 178 S. W. Rep. 256; Harlan v. Maglaughlin, 90 Pa. 293; Dock v. Schlichter Jute Cordage Co., 167 Pa. 370; Fowler's App., 87 Pa. 449.

*Bertram D. Rearick,* for appellee.—The assets of a corporation cannot be lawfully applied in distribution to the benefit of individual stockholders or members without a formal dissolution: Riddell v. Harmony Fire Co., 8 Philadelphia 310; Temperance Mut. Benefit Assn. v. Home Friendly Society, 187 Pa. 38; Braddock Elec. Railway Co. v. Bily, 11 Pa. Superior Ct. 144; Crandall v. Lincoln, 52 Conn. 73.

OPINION BY KEPHART, J., December 18, 1916:

A corporation has the right to acquire stock of its own where the transaction is not prohibited by statute: Dock v. Schlichter, Jute Cordage Company, 167 Pa. 370, and as the assets of the corporation as represented by its capital stock are regarded in the nature of trust funds for the payment of corporate creditors it would follow that a corporation has no power to buy its own stock to the injury

of its existing creditors. While the capital stock of a corporation is regarded as a liability against the company and its shareholders are creditors, their right to participate in the assets of the concern are subject to the prior rights of all other creditors existing at the time any distribution of assets is made. Subsequent creditors cannot be regarded as prejudicially affected by any such purchase, unless a specific intention is apparent that the purchase was made in anticipation of possible future insolvency. The rules of law with respect to purchase of stock and parting with its property by a private corporation are much the same as those governing the ownership and disposition of property by individuals. "A strictly private corporation owing no peculiar duties to the public has the same dominion over and power to dispose of its property that an individual has": 10 Cyc. 1138; Lauman v. Lebanon Valley Railroad Co., 30 Pa. 42; Balliet v. Brown, 103 Pa. 546; Mechanics Building & Savings Association, No. 2 Assigned Estate, 202 Pa. 589.

In the present case the transfer of property, for the value of which this suit was brought, was made by the corporation in consideration of the transfer to it of shares of stock held by the defendants and the liquidation of certain claims for services. It does not appear that any creditors existed at the time the transfer was made. It was admitted at the argument that none such now exist nor does it appear that the transfer was made with the intention of placing the property beyond the reach of probable future creditors and from the evidence we conclude that all of the stockholders knew of and consented to the transfer. The division of the property and the withdrawal of the two defendants as stockholders was occasioned by dissatisfaction with the conduct of the company's affairs. It was a purely private corporation. The trial judge in his charge to the jury stated that there was no fraud in the transaction. The company still retained a portion of its plant and all of its contracts, which were apparently profitable, and con-

tinued to transact the business for which it was incorporated. Subsequently, through a misfortune, apart from sound business dealing, they were compelled to go into bankruptcy. There can be no serious question concerning the receiver's right to recover the value of the property transferred by the company if creditors existed at the time the transfer was made, or if it appeared that the property was transferred with the knowledge either express or implied that the company through its then known business dealings would become insolvent, or where stockholders would be prejudiced by such transfer. To sustain the receiver's right to recover it must appear that some right at law known to exist at the time the bargain was made was injuriously prejudiced by the purchase of the stock and the transfer of the property by this company. It is immaterial that the stock was paid for by the property of the company. Stockholders dealing in good faith without fraudulent motives need not offer the corporate property at public sale to affect a distribution of a part or all of it among themselves, and where a part of it is retained by the corporation and the business is still conducted in the absence of fraudulent motives future creditors cannot complain. The learned court below fell into error in holding that if the stockholders received a part of the property in consideration for their stock and claim for services such transaction of itself was void as against future creditors.

The judgment is reversed and directed to be entered for the defendants on their motion for judgment non obstante veredicto.