## Handler v. Harrisburg Mutual Loan Association.

*Statement of claim—Sufficiency—Corporations—By-law requiring repurchase of its stock—Validity.*

1. A statement of claim is insufficient in an action by a stockholder against the corporation for the price of his stock, which he offered to surrender pursuant to a by-law which provided that any member might withdraw his shares at any time on giving the required notice, where the statement fails to show the nature of the corporation or its business or to set forth any facts which would enable the court to determine whether it had authority to pass such by-law.

2. Such by-law would require the corporation to repurchase all of its stock and leave it without stockholders, which is contrary to the law relating to corporations.

*Assumpsit* against a corporation for value of stock purchased by plaintiff. Statutory demurrer. C. P. Dauphin Co., Sept. T., 1926, No. 1353.

Fox, J., May 16, 1927.—We have before us an affidavit of defence to plaintiff's statement raising a question of law.

The statement, in substance, alleges that the plaintiff is a resident of the City of Harrisburg, and that the defendant is a corporation, duly incorporated under the laws of our State, with its home office in the City of Harrisburg, Pa.; that he is the owner of twenty shares of the capital stock of the defendant association; that section 1 of article IV of the by-laws of said association provides, *inter alia:* "Any member may withdraw his shares at any time, providing thirty days' notice for same has been given, and also providing that he is cleared from all his signatures in the association;" that, under the provisions of this by-law, the defendant association is liable to repay to the plaintiff the full amount of the principal sum of the certificate of stock, a copy of which is attached to the statement; that the plaintiff purchased his stock while the by-law was in force, is cleared from all signatures in the defendant association, and has done everything necessary for him to do under the by-law above quoted, and is entitled to receive the full principal sum of the certificate of stock, together with interest; that he has tendered the said certificate to the association for collection and redemption and still tenders the same to the association; that the said certificate was not issued as an instalment certificate in consideration of the payment of dues, but was issued in consideration of the full payment by the plaintiff to the defendant of the principal sum of par value represented thereby; that, on or about Aug. 16, 1921, the plaintiff paid to the defendant association, in lawful money of the United States, the sum of $500 in full payment of twenty shares of stock of the said association of the par value of $25 per share; and that, on the same date, the said association issued to the plaintiff a certificate, numbered 103; that, on or about Nov. 23, 1926, the plaintiff, by his attorney, duly gave and

delivered to the said defendant association, through its proper officers, his notice and demand, in writing, requiring the said defendant, within thirty days from the receipt thereof, to pay to him the full principal sum of the certificate in suit; that the said defendant has refused to comply with this demand, and there is, therefore, due to the plaintiff from the defendant the sum of $500, together with interest thereon from Jan. 1, 1927.

To this statement, the defendant association filed an affidavit of defence in lieu of a demurrer, in substance, alleging: That the plaintiff's statement does not disclose any contract against the defendant company upon which a judgment can be legally entered in favor of the plaintiff, since the plaintiff is not a creditor of the defendant corporation; that the by-law upon which the plaintiff rests his claim is contrary to the Constitution and laws of the State of Pennsylvania and is opposed to public policy; that the plaintiff's right of redress is based on equitable principles, and that, therefore, the Court of Common Pleas has no jurisdiction; and suggests that the statement of claim is insufficient in law and does not set forth a proper cause of action to compel the defendant to answer.

The real question before us is: Is the by-law quoted above a valid one?

The plaintiff's statement, in section 2, avers: "The defendant is a corporation duly incorporated under the laws of the State of Pennsylvania, having its home office and place of business in the City of Harrisburg, Dauphin County, and State of Pennsylvania." The statement does not disclose what the purpose of the corporation, as shown by its charter, is, nor its character of business. From its title, it might be presumed to come under the classification of a building and loan association. From the pleadings, we are unable to tell whether it is operating as such or operating under the Act of June 17, 1915, P. L. 1012, which act is known as the "Small Loan Act." If it is operating as a building and loan association, members, under certain conditions as provided by the statute, may withdraw their stock and receive money therefor. This is a power and privilege peculiar to building and loan associations and their members, but to no other corporation of our State. There is no question that the law is well settled in our State that a strictly private corporation has a right to acquire stock of its own where the transaction is not prohibited by statute and where no injury is suffered by creditors or other stockholders having a superior right: Wolfe *v.* Excelsior A. S. & S. Co., Inc., 270 Pa. 547. We do not think, however, that this decision contemplates the right of a corporation to purchase the whole of its stock. This by-law, if executed to its full extent, might involve the corporation in purchasing all the outstanding stock. This cannot be done. The Act of April 29, 1874, P. L. 73, as amended by the Act of May 14, 1891, P. L. 61, provides that the by-laws of every corporation organized under the Act of April 29, 1874, P. L. 73, shall constitute its law subordinate to the Constitution and laws of this State and to the Constitution of the United States. Our law requires that a corporation have at least three stockholders at the time of its incorporation; the number can never be less, and, if this by-law were executed to its full extent, the corporation might be compelled to purchase all of the outstanding stock, might be unable to sell any of the stock in the treasury, and thus be without any stockholders, which we think is contrary to the law relating to corporations. We think it would amount to a dissolution of the corporation, which cannot be effected in this way; the law provides a special and different method for dissolution.

In the case of Schulte *v.* Boulevard Gardens Land Co., 129 Pac. Repr. 582, the Supreme Court of California said: "But the case is readily distinguish-

able from the one at bar. There, the plaintiff relied solely upon a by-law which assumed to authorize every subscriber and stockholder to withdraw from the corporation, and, upon returning his stock, receive what had been paid in. Obviously, this, if upheld, would have made possible a complete destruction and dissolution of the corporation without compliance with the statutory requirements. As a by-law, the provision was clearly bad. But a very different case is presented where an individual sets up a contract whereby the corporation selling him the stock agrees, as part of the consideration, to give him the option of returning the stock and receiving a payment therefor."

We are, therefore, of the opinion that if this corporation is operating as a building and loan association, it may redeem such portion of its stock as the law relating to building and loan associations permits and provides; if it is not operating as a building and loan association, we think, for the reasons we have given above, the by-law is bad.

In order, therefore, for us to determine the power and the rights of the defendant, as well as the rights of the plaintiff, the statement should show how this corporation is operating. The affidavit of defence, being in the nature of a demurrer, must be sustained, in that the statement of claim is insufficient in law and does not set forth a proper cause of action.

And now, May 16, 1927, the affidavit of defence in lieu of a demurrer is sustained; the plaintiff is given fifteen days from the date hereof to amend his statement.

From Homer L. Kreider, Harrisburg, Pa.