## Taggart, Ins. Com., v. Alleva, Appellant.

330

Argued November 21, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Joseph G. McKeone,* and with him *Truman D. Wade,* for appellant.

*C. Raymond Young,* for appellee.

Opinion by Baldrige, J., March 3, 1933:

The insurance commissioner, as statutory liquidator of an insurance company, brought this action to recover from the defendant the amount of certain assess-

ments levied by him in the course of the liquidation of the company's affairs. An affidavit of defense was filed, which the learned court below held insufficient, and directed judgment in favor of the plaintiff against the defendant in the sum of $328, with lawful interest thereon from September 15, 1925. This appeal followed.

The facts relied upon by the plaintiff do not differ essentially from those in Taggart, Insurance Commissioner, v. Graham, in which an opinion is filed this day, reported in 108 Pa. Superior Ct. 320. For the reasons set forth therein, the plaintiff's statement is insufficient to support a judgment. As this record will be remitted for the parties to take such action as they may deem wise, it seems advisable to state that we are in accord with the court below in its conclusion that the affidavit of defense is insufficient.

The defendant avers that he was induced to become a member of the company by false representations of the agent, that upon receipt of the certificates he discovered the fraud, and, before any losses were sustained, returned, by mail, the certificates to the company for the purpose of cancellation, and that the "policies were accepted by the plaintiff company and were cancelled by said company."

Fraudulent representation of the agent of the company is not a good defense to an action by a receiver of the company for assessments: Dettra v. Kestner, 147 Pa. 566, 23 A. 889; Van Dyke v. Baker, 214 Pa. 168, 63 A. 594; Tanner v. Weber Co., 59 Pa. Superior Ct. 14. Nor is a bald averment, without supporting facts, that no losses were sustained by the company before he mailed the certificates back to it, sufficient: Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Tanner v. Weber Co., supra. Nor is the statement adequate that the policies were accepted and cancelled "by said company," without disclosing the name of

the agent or officer of the plaintiff company, or so describing him, that authority to act may be reasonably inferred: Heyser L. Co. v. Whiting L. Co., 62 Pa. Superior Ct. 76. "A corporation is a purely artificial body, and can act only through agents, hence, unless the receipting agent is set forth to whom the money has been paid, and the special circumstances attending such payment, the defendant might just as well swear to a plea of payment with leave, and offer that as an affidavit of defense": McCracken v. First Ref'd Pres. Congregation, 111 Pa. 106, 109, 2 A. 94.

The facts relied upon should have been set forth with more particularity.

The order of the court in entering judgment for plaintiff for want of a sufficient affidavit of defense is reversed with a procedendo.

Argued November 21, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.