## Donlevy's Estate.

Argued April 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Elton J. Buckley,* for appellant.

*Stanley B. Rice,* with him *Maurice W. Sloan,* of *Sloan & Sloan* and *Charles H. Pile,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

Appellant, a corporation, presented its claim in the court below against the estate of a decedent for sums paid to him over a period of four years, on the theory that they were either loans or advances on dividends never declared, or voluntary payments without justification and beyond the powers of the corporation. Dece-

dent was chairman of the company's board of directors, by whom these were authorized, and a holder of stock to the value of $25,000. The company's resolutions treat the payments as "compensation" for decedent's "contribution of stock," to be deducted from future dividends, and as "interest" upon the retirement value of his stock pending purchase by appellant. The auditing judge found against the contention that they were loans or advances, but ruled that they were voluntary, without justification and should be returned by the estate. The court en banc reversed, holding that as the disbursements had not been shown to be unlawful, improper, or in the nature of a loan the claim failed for want of sufficient proof. This appeal followed.

The hypothesis that these payments were loans or advances against future dividends was not supported by the evidence, and there was no error in so finding. The corporation paid to Donlevy's estate $11.12, representing his share of cash found in the safe of Carter, Donlevy & Company, which, with two other brokerage houses, had merged to form the appellant company. This item, although small, tends to refute appellant's claim that it regarded the periodical payments to Donlevy as a loan since otherwise there probably would have been a set-off.

As to the second contention, that the payments were bald gifts to Donlevy which were beyond the corporation's authority, it may be stated generally that voluntary payments, properly authorized, are not recoverable if made under a claim of right: *De La Cuesta v. Insurance Co.*, 136 Pa. 62; *Harvey v. Girard National Bank*, 119 Pa. 212. But, appellant argues, as Donlevy was a member of the board which voted them, he had knowledge of their impropriety and violated his relationship of trust to the members of the corporation in accepting them. This, it is urged, removes the case from the operation of the voluntary payment rule. Such a contention begs the question by assuming bad faith in the transaction.

It is not clear whether appellant treats these payments as ultra vires or as improper diversions of corporate funds to one standing in a fiduciary relationship to the corporation. Neither position is established because it does not appear that they were beyond the power of the company to make, nor that they were unlawful gifts which Donlevy had no right to accept. Appellant argues that these contentions are established because appellee failed to prove a valid contractual basis for the payments. The latter was under no duty to explain them. The burden rested on appellant to establish its case. Were this not the rule, unscrupulous claimants against estates could recover upon unfounded claims whenever executors or administrators, handicapped by ignorance of the personal affairs of their decedents, would be unable to present positive proof in refutation. ,

In actions to recover against the estate of a decedent the burden of proof must be borne by the claimant and his right to recover must be shown with definiteness and precision. These claims are generally subject to suspicion, and this is especially true where they could have been made against the decedent, while living: *Gilbraith's Estate*, 270 Pa. 288; *Hirst's Estate*, 274 Pa. 286; *Shelton's Estate*, 95 Pa. Superior Ct. 363.

The court below found there was evidence of some incompletely disclosed arrangement pursuant to which the payments were made. Whether it was an oral understanding for the purchase of decedent's stock which is lawful (see *Wolf v. Excelsior A. S. & S. Co., Inc.*, 270 Pa. 547), or whether the directors had agreed that appellant should be paid an immediate return at a fixed rate of interest upon his stock holdings to induce him to abandon his expressed intention of retiring from active participation in the corporation (see Act of 1933, P. L. 364, section 303 B), need not be here determined. The record does not present any definite legal basis for this claim.

Decree affirmed at appellant's cost.