# Hassam Paving Company, Appellant, *v.* Stipp.

*Contracts—Affidavit of defense—Offer and acceptance—Uncertainty as to terms of contract.*

In an action to recover damages for the alleged breach of a contract of sale it is not error for the court to dismiss the rule for judgment for want of a sufficient affidavit of defense, where it is impossible to say, from an inspection of the correspondence upon which plaintiff's right to recover is based, that the contention of the plaintiff is clearly sustained, but on the contrary it appears that there was such a misunderstanding between the parties as to preclude a finding, as a matter of law, that the minds of the parties met as to all the terms of the contract.

Argued Feb. 24, 1915. Appeal, No. 51, Jan. T., 1914, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1914, No. 343, dismissing rule for judgment for want of a sufficient affidavit of defense in case of Hassam Paving Company v. Peter Stipp. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for vendor's breach of executory contract for the sale of brick.

Rule for judgment for want of a sufficient affidavit of defense. Before EDWARDS, P. J.

The opinion of the Supreme Court states the case.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was in discharging the rule for judgment for want of sufficient affidavit of defense.

*Thomas Raeburn White,* with him *Warren, Knapp, O'Malley & Hill,* for appellant.

*A. A. Vosburg,* with him *A. D. Dean,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, April 12, 1915:

The appellant asked for judgment in the court below for want of a sufficient affidavit of defense. The rule for it was discharged, and appellant's contention before us is that this was error, because three letters—two from the defendant to the plaintiff and one from the latter to the former—show a complete contract between the parties, for breach of which the defendant is liable in the sum named in plaintiff's statement of claim. The question before us is whether the learned court below should have held that these three letters, in themselves, created a complete contract which it was the duty of the defendant to perform. We take up the letters in the order in which they were written.

On September 10, 1913, the appellee wrote the appellant as follows: "As per your request I beg herewith to name you my price on No. 1 Nay Aug vitrified paving brick f. o. b. cars. Brick plant at Nay Aug, Pa., with freight allowed to Honesdale, Pa., Erie Railroad delivery, at the rate of nineteen dollars ($19.00) per thousand. The State Highway Department of this city know what my brick are and for further reference as to the quality of same, I can refer you to the Scranton Railway Company and the D., L. & W. R. R. Co., who use the paving brick extensively all over their system. Should you desire a sample of the brick I would gladly send you same upon request." The explanation of "as per your request" appears in the affidavit of defense, in which it is averred that sometime prior to September 10th an agent of the plaintiff had called upon the defendant and asked him to submit a price at which he would furnish brick that would conform to the standards fixed by specifications and tests of the State Highway Department; that the agent did not tell him what those specifications and tests were; that the agent examined the samples of brick which the appellee had in his office and saw the size, color, shape and other characteristics of the same,

and was told by the appellee that this was the only kind of paving brick he made or sold. Assuming the averments in the affidavit of defense to be true, as we must in passing upon the question before us, the letter of the defendant to the plaintiff was written at the request of the agent of the latter, made to the defendant under the circumstances stated. To this letter the plaintiff replied as follows on the 13th of the following month: "We herewith accept your quotation of Sept. 10th for brick at the rate of $19.00 per thousand f. o. b. cars at Honesdale, Pa. This is with the understanding that these brick shall pass the specifications and tests and be acceptable to the state engineer. It is also understood that these brick should be delivered to us in the spring as fast as we require them. I think it is very doubtful that we shall require any this fall but if we should in a block or two, would appreciate it if you could manage to supply that amount when required." It is conceded by learned counsel for appellant that the two foregoing letters do not, in themselves, constitute a contract, because the second introduced a new element, to which the defendant would have to assent before a contract could be created between him and the appellant. That new element was that the brick should pass the specifications and tests and be acceptable to the state engineer. But it is earnestly urged that the following, in a letter of October 14, 1913, from the defendant to the plaintiff, completed the contract between them: "Yours of the 13th inst. accepting my quotation on paving brick to be delivered to you at Honesdale, Pa., at the rate of nineteen dollars ($19.00) per thousand duly received, for which kindly accept my thanks. As stated to you in a previous letter I could not furnish you with any brick at all this fall, but, will be ready to deliver to you in the spring and would appreciate very much that when you are ready to have shipment started to give me at least a week's notice, so that I can make the necessary arrangements for cars, etc." True, this was an acceptance of plaintiff's order of October 13th, but that order was a conditional one, the condition

being that the brick should pass "specifications and tests and be acceptable to the state engineer." Nothing is to be found in the three letters that bound the defendant to furnish brick that would pass specifications and tests and be acceptable to the state engineer. On the contrary, a distinct averment in the affidavit of defense is that the agent of the plaintiff, at whose request the defendant wrote his letter of September 13, 1913, saw the only kind of brick that the defendant made, and, after examining samples of it, requested the defendant to name a price at which he would deliver the same to the appellant. Through its agent the plaintiff knew just what the brick was, but no notice was given to the defendant that it would pass the specifications and tests and be acceptable to the state engineer. Another averment in the affidavit of defense is that, on inquiry at the Scranton office of the State Highway Department, the defendant was informed by the local engineer who had charge of the Honesdale paving job that his bricks were not according to specifications and did not pass the tests for abrasion.

It is only in a clear case that a court below will be reversed for refusing to enter judgment for want of a sufficient affidavit of defense and sending a case to a jury where the rights of the parties can be properly disposed of: Griffith v. Sitgreaves, 81* Pa. 378; Radcliffe v. Herbst, 135 Pa. 568; Murphy v. Chappeau, 147 Pa. 45; Ætna Ins. Co. v. Confer, 158 Pa. 598; Ensign v. Kindred, 163 Pa. 638. We dismiss this appeal on the following from the opinion of the court refusing judgment: "We cannot say, from an inspection of the correspondence, that the contention of the plaintiff is clearly sustained. There has been, evidently, a misunderstanding between the parties. We cannot say, as a matter of law, that the minds of the parties met as to all the terms of the contract. It appears to us that the merits of the case cannot be finally determined without oral testimony, and this, of course, will necessitate a trial by jury."

Appeal dismissed.