# County Savings Bank of Scranton, Appellant, *v.* Gillette.

*Practice, C. P.—Affidavit of defense—Promissory notes—Case for jury.*

In doubtful cases and especially in those requiring broad inquiry into facts, where the court refuses judgment for want of a sufficient affidavit of defense, the matter in controversy should go to the jury as the proper tribunal to decide the cause, with proper instructions from the court.

Argued February 21, 1922. Appeal, No. 336, Jan. T., 1922, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1921, No. 1040, discharging rule for judgment for want of a sufficient affidavit of defense, in case of County Savings Bank of Scranton v. A. S. Gillette. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Rule discharged by MAXEY, J. Plaintiff appealed.

*Error assigned* was order, quoting it.

*R. L. Levy,* with him *Knapp, O'Malley, Hill & Harris,* for appellee.

*Charles B. Little* and *Wallace G. Moser,* for appellee, were not heard.

PER CURIAM, March 6, 1922:

Plaintiff sued to recover on three promissory notes, aggregating $23,500, made by Atell & Jones, Inc., and endorsed by defendant and four others. A rule for judgment for want of a sufficient affidavit of defense was discharged and plaintiff appealed. The affidavit of defense

is quite lengthy and avers the notes were given to cover an alleged indebtedness of the American Paper & Twine Company and sets up, inter alia, a contemporaneous parol agreement between defendant and plaintiff, which induced the former to become an endorser and under which the former's liability was limited to the extent of any deficiency in the assets of the American Paper & Twine Company and that, through no fault of defendant, the assets of that firm have not been liquidated or attempted to be liquidated, also that the notes were made and accepted as collateral security. This case comes clearly within Griffith v. Sitgreaves, 81* Pa. 378, 382, where we said in referring to rules for judgment for want of sufficient affidavit of defense: "In doubtful cases and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause and with proper instructions from the court." The refusal of the court to make absolute the rule must be affirmed.

Judgment affirmed.