## Pennsylvania Railroad Company v. Coles, Appellant.

*Carriers—Demurrage—Affidavit of defense—Sufficiency.*

In an action by a railroad company to recover demurrage charges for the detention of a car of lumber, judgment for want of a sufficient affidavit of defense will be reversed, where it was not clear whether the detention was due to a defect in the car, or to defendant's delay in paying the freight charges demanded.

When there is doubt whether a plaintiff is entitled to summary judgment, the doubt should be resolved in favor of the defendant; the power to enter such judgment being intended only for clear cases.

A carrier is not entitled to demurrage until it is prepared to make delivery of the car so that it may be unloaded.

In an action to recover demurrage, an averment in the statement of claim that demurrage was imposed for the detention of a car upon interchange tracks will not support a charge for the time elapsed between the arrival of the car and its placement.

Argued October 20, 1925. Appeal No. 193, October T., 1925, by defendant, from judgment of M. C. Philadelphia Co., November T., 1924, No. 615, in favor of plaintiff, for want of a sufficient affidavit of defense, in the case of the Pennsylvania Railroad Company v. John W. Coles. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover demurrage charges. Before WALSH, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*J. Frederick Martin,* and with him *Harold S. Loeb,* for appellant.

*Charles Myers,* and with him *Barnes, Biddle and Morris,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

This is an action of assumpsit to recover certain demurrage charges, alleged to have accrued on a carload of lumber shipped from Edmundson, New Brunswick, and consigned to the defendant at Philadelphia. While the car was in transit the defendant gave instructions to the plaintiff to deliver said car, upon arrival, to the Concord Lumber Company, Wilmington, Delaware, the place of business of said company being on the tracks of the Baltimore & Ohio Railroad Company, and the delivery involved a transfer of the car to the line of that connecting carrier, and the plaintiff accepted and acted upon these instructions. The statement filed by plaintiff averred that the car arrived at Wilmington, on the tracks of plaintiff company, on December 7, 1921, but the Baltimore & Ohio Railroad Company refused to accept the car and deliver the same to the Concord Lumber Company without payment, first made, of the freight charges and war tax amounting to $345.04, which had thereon accrued. Plaintiff notified the lumber company of the arrival of the car and of the refusal of the B. & O. R. R. Co. to accept delivery thereof until the charges were paid, and the lumber company then declined to pay the charges and accept delivery of the car. On December 21, 1921, the car was placed on the interchange track, and on December 22, 1921, the car was inspected by the inspectors of the plaintiff, who discovered that an arch bar on the car was broken. On December 28th, the Concord Lumber Company paid the freight and war tax which had accrued on the car

and the plaintiff notified the B. & O. R. R. Co. of the fact of such payment and offered to turn over the car to the B. & O. R. R. Co. for delivery to the lumber company. The B. & O. R. R. Co. refused to deliver the car to the Concord Lumber Company on account of the broken arch bar. Thereafter the plaintiff moved the car to its Wilmington shops and had the same repaired, and subsequently re-delivered it to the B. & O. R. R. Co. which delivered the same to the lumber company. The averment, in the statement, of the right to recover demurrage for the detention of the car was as follows: "By reason of said detention of the car on the interchange track, which was not in any way due to the broken arch bar but was caused by the failure of the Concord Lumber Company, the assignee of the defendant, to take and receive the said car, there accrued thereon certain demurrage, to wit, a demurrage charge of $68.00, which accrued under and by virtue of 2 -B - 1 of I. C. C. No. 8, which said rule provides for an allowance of twenty-four hours free time and a rate of $2.00 a day for the first four days, and $5.00 a day for the remaining days, so that there accrued $8.00 on December 9, 10, 12 and 13, and $60.00 from December 14 to December 28, inclusive (Sundays excluded)...... or a total of $68.00". The defendant filed an affidavit of defense, which the court below deemed insufficient and made absolute a rule for judgment for the full amount of plaintiff's claim, which action is here assigned for error.

The statement of the plaintiff distinctly averred that this defendant, the consignee of the car, had while the car was in transit, directed it to be delivered to the Concord Lumber Company at Wilmington, Delaware. If this averment was true the defendant became liable for all the charges of the transportation. The attempt of the defendant to deny this, in the second paragraph of his affidavit of defense, was clearly evasive, and so far as that branch of the case is concerned the affi-

davit was insufficient. The affidavit of defense did specifically deny that the Concord Lumber Company had refused to accept the car, although it failed to deny that the lumber company had refused to pay the charges for freight and war tax, when plaintiff first demanded the same. It is important here to observe that transportation had not been completed, the connecting carrier, which was to make the delivery and place the car for unloading, had declined to accept the car from the plaintiff. The affidavit averred that: "The connecting carrier refused to accept said car from plaintiff and to deliver said car to the Concord Lumber Company because of said broken arch bar, and the said Concord Lumber Company was prevented from unloading said car. .,. ....whereby plaintiff could not make delivery". The averments of the statement and those of the affidavit of defense clearly disclose that the car was in such condition that the connecting carrier refused to accept it, even when the freight charges and war tax had been paid. The defendant did not become liable for demurrage on the car until the carrier was prepared to make delivery thereof, so that it might be unloaded; Pennsylvania R. R. Co. v. Keally, 232 Pa. 567.

The statement of the plaintiff avers only a right to recover for demurrage for "detention of the car on the interchange track" while, in the fourth paragraph, it is distinctly averred that the car was placed on the interchange track on December 21st, and it is admitted in the fifth paragraph, that the freight charges and war tax were paid on December 28th. Upon this showing, the defendant would be entitled to twenty-four hours free time after the car was placed upon the interchange track, even if liable when the car was so placed, yet judgment was entered against the defendant for demurrage for a period of sixteen days. The statement of the plaintiff, even if no affidavit of defense had been filed, would not support such a judg-

ment. When there is doubt whether a plaintiff is entitled to summary judgment, the doubt should be resolved in favor of the defendant, the power to enter such a judgment being intended only for clear cases: Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388; Moore v. Luzerne County, 262 Pa. 216; Commonwealth Finance Corporation v. Ferrero, 269 Pa. 264; Rhodes v. Terheyden, 272 Pa. 397. It does not in the averments of the pleadings appear when the arch bar upon the car became broken, thus putting it into condition which would prevent its acceptance by the connecting carrier. The right of plaintiff to judgment was not clear and the court erred in making the rule absolute.

The judgment is reversed and the record is remitted for further proceedings.