Argued November 22, 1927. Appeal No. 338, October T., 1927, by Waverly Water Company from order of the Public Service Commission of the Commonwealth of Pennsylvania, in re: Application of Clarks Summit Water Company, for a certificate of Public Convenience, approving extension of territory. Application Docket No. 16051—1927. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

OPINION BY GAWTHROP, J., March 2, 1928:

---

## Lee Lash Company, Inc. *v.* Russell Sales Company, Appellant.

*Contracts—Advertising space—Affidavit of defense—Sufficiency.*

In an action of assumpsit on a written contract to recover for display of an advertisement, plaintiff averred in its statement that defendant agreed to pay for an advertisement to be placed by plaintiff on a theatre curtain. Defendant averred in its affidavit of defense that plaintiff's statement did not set forth the whole written contract, and alleged that, in addition thereto, there was a chart showing the distribution of the curtain surface among various advertisers and that defendant's advertisement did not appear upon the space purchased. In such case the affidavit of defense was sufficient to prevent judgment.

Such defense did not involve the modification of a written con-

tract by oral evidence.  It was instead an averment that plaintiff
had not pleaded the entire contract and had not complied with the
same.

Argued November 14, 1927.  Appeal No. 79, October
T., 1927, by defendant from judgment of C. P., Lan-
caster County, March T., 1926, No. 81, in the case of
Lee Lash Company, Inc. v. Russell Sales Company.
Before PORTER, P. J., HENDERSON, TREXLER, KELLER,
LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Assumpsit on a written contract for an advertise-
ment.  Before HASSLER, J.

The action was based upon the following contract:

(Oral understandings or agreements will not be
recognized.)
D......S......
D......S......

Jan. 31, 1924.

Lee Lash Company, Mount Vernon, N. Y.:

Please place our advertisement 44 x 37 inches on
the Street drop of the Colonial Theatre, Lancaster,
Pa., for any or all of 26 weeks' service from the date
of first exhibition of the advertisement or the termina-
tion of any existing contract between us.  If "copy"
is not furnished you within 15 days from this date,
you are authorized to design it from our business card.
For the above service we agree to pay $5.00 per week,
payable every 4 weeks, and for the painting of the
advertisement $3.00, for each lettered copy and $5.00
for each pictorial.

Firm name Russell Sales Co.
By Arthur Russell
Address ..................... .

By E. L. Wayne.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Charles W. Eaby,* for appellant.

*George Ross Eshleman,* for appellee.

OPINION BY LINN, J., March 2, 1928:

This appeal is from judgment for want of a sufficient affidavit of defense. Such judgment should be entered only in clear cases: P. R. R. v. Coles, 87 Pa. Superior Ct. 432, 436; in this one, plaintiff's right to judgment is not clear.

The statement avers that plaintiff by written order (a copy will be found in the reporter's statement of the case), agreed to pay a certain rate for an advertisement 37 x 44 inches to be placed by plaintiff on a certain theatre curtain; that plaintiff had performed and that defendant refused to pay.

Defendant avers that the writing attached to the statement is not the whole document executed; that to what plaintiff pleaded as defendant's order, there was attached at the time it was signed, and with it carried away by plaintiff, a "dummy," or chart (showing the distribution of the curtain surface among various advertisers) specifying a certain location on the curtain for defendant's advertisement. Defendant avers that the advertisement appearing for it on the curtain, was not "in the place or location sold to the defendant by the plaintiff as per the location on said

'dummy' or chart,'' but in an ''inconspicuous almost invisible and improper place''; that the place where it appeared was ''valueless to defendant'' while the space purchased was of ''great value'' to it.

The issues so made are: (1)—whether the order averred by plaintiff is the order given by defendant and accepted by plaintiff, or whether the ''dummy'' was part of it as defendant averred; (2)—whether plaintiff has performed in accordance with its terms if they were as defendant averred.

The learned court below held that proof of the defense would involve modification by oral evidence of the contract pleaded by plaintiff, and that such proof would not be received in the absence of allegation that part of the contract was omitted by fraud, accident or mistake, or under the inducement rule, and that as such allegations were not made, no provable defense had been averred.

We do not so understand the pleadings. Defendant's averment is that the order pleaded by plaintiff is not the whole of the documentary order, that there was attached to it a ''dummy'' or chart ''which,'' in the words of the averment, ''showed the location on the street drop curtain where the proposed advertisement was to appear.'' In another paragraph, the space is referred to as ''plainly shown on the part of Exhibit A which plaintiff has omitted to have attached to its statement.'' From the averment in the affidavit that plaintiff's agent who obtained the order carried away with him this ''dummy,'' we shall infer in this case (though defendant should have stated the fact definitely) that defendant possessed neither a duplicate nor a copy which he could attach to the affidavit. We infer from the averment that the ''dummy'' showed the ''location'' of defendant's space, and that

the space contains some writing allotting it to or identifying it as the space on which defendant ordered the advertisement to appear. In that view— a reasonable interpretation of the pleadings—the oral evidence rule applied below does not now stand in defendant's way. If, as defendant avers, plaintiff has detached an essential part of the document, and on only part of it, has asserted a liability which the entire document will show to be otherwise, defendant should have an opportunity to prove what its written order in fact was, and so we understand the defense averred.

Judgment reversed with a procedendo.