Johnson, for the use of Manufacturers' Finance Company et al., Appellants, v. Mercantile Insurance Company of America.

*Affidavit of defense —Sufficiency—Judgment for want of a sufficient affidavit of defense—Writ of error—Act of April 18, 1874, P. L. 64.*

The Act of 1874, P. L. 64, authorizing writs of error to be taken when a Court of Common Pleas refuses to enter judgment on the ground of sufficiency of an affidavit of defense, was intended to reach only clear cases of error in law, and thus prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law. In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause under proper instructions from the court.

An order discharging a rule for judgment for want of a sufficient affidavit of defense will be affirmed where the affidavit although containing certain defects in its pleading still leaves a doubt as to its insufficiency.

Submitted April 16, 1928. Appeal No. 31, April T., 1928, by plaintiffs from judgment of C. P., Lawrence County, No. 145, September T., 1926, in the case of Hallie Johnson, for the use of Manufacturers' Finance Company, and Hallie Johnson, Appellants, v. Mercantile Insurance Company of America. Before POR-

TER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.    Affirmed.

Rule for judgment for want of a sufficient affidavit
of defense.    Before HILDEBRAND, P. J.

The facts are stated in the opinion of the lower
court:

In this action Hallie Johnson, the plaintiff, seeks
to recover of the defendant the value of an automobile
destroyed by fire upon which the defendant company
had issued a policy of insurance which was in effect
at the time of the fire.    The plaintiff has moved for
judgment for want of a sufficient affidavit of defense.
The defendant admits the issuing of the policy and
admits the fire.    Plaintiff claims a total loss which de-
fendant denies.

The plaintiff avers the issuing of the policy to her,
the said Hallie Johnson, in the name of Hallie John-
son and/or the Manufacturers' Finance Company.
The defendant admits that the policy was so issued
with the added words "as their interest may appear."
The plaintiff avers that her automobile was insured
and that the Manufacturers' Finance Company held
an encumbrance on said automobile.    Nowhere does
she state her interest in the car at the time of loss.
Defendant avers that she had no interest and sets up
that under the terms of her contract, as shown by ex-
hibit attached to the statement of claim, the plaintiff
has failed to pay certain notes due the Manufacturers'
Finance Company and that by her contract of insur-
ance the policy became null and void in respect to her
interest in said automobile.    While the affidavit of de-
fense shows considerable defective pleading we con-
clude that it is sufficient to prevent summary judg-
ment.

Now, February 14, 1927, the rule issued November
26th, 1926, upon defendant to show cause why judg-

ment should not be entered for want of a sufficient affidavit of defense is discharged.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*Clyde Gibson,* for appellants, cited: McCosh, App., v. Wax, 82 Pa. Superior Ct. 165; Franklin Sugar Refining Co. v. Hanscom Bros., App., 273 Pa. 98; N. Y. Hotel Statler v. Girard National Bank, 89 Pa. Superior Ct. 537; Baker v. Tustin, App., 245 Pa. 499; L. S. Bowers Co. v. The London Assurance Corp., App., 90 Pa. Superior Ct. 121; Clydesdale Brick & Stone Co. v. Globe Indemnity Co., App., 79 Pa. Superior Ct. 462; Berko v. Kemper Construction Co., App., 65 Pa. Superior Ct. 589.

*Thomas W. Dickey,* and with him *Harry K. Gregory,* for appellee, cited: Griffith et al. v. Sitgreaves, 81* Pa. 378; Franklin Sugar Refining Co. v. Howell, 274 Pa. 190.

PER CURIAM, April 18, 1928:

This appeal was submitted here without oral argument. Appellant complains of the discharge of a rule for judgment for want of a sufficient affidavit of defense.

We need not discuss the pleadings; it is sufficient to say that the case is within the familiar rule adopted shortly after the enactment of the statute allowing an appeal from the refusal to enter judgment. "The act of Assembly authorizing writs of error to be taken when a Court of Common Pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense, was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in

the same cause, instead of one, and is not to be encouraged. Such writs should be confined to plain errors of law. In doubtful cases, and especially in those requiring broad inquiry into facts, where the court refuses judgment, the matter in controversy should go to the jury, as the proper tribunal to decide the cause under proper instructions from the court": Griffith et al. v. Sitgreaves, 81* Pa. 378, 382.

That rule is still effective: P. R. R. v. Coles, 87 Pa. Superior Ct. 432, 436; Lee Lash v. Russell Sales Co., 92 Pa. Superior Ct. 598.

Order affirmed and appeal dismissed.