## Chelten Avenue Building Corporation, Appellant, *v.* Mayer.

Argued January 5, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Walter L. Sheppard,* with him *Alex. M. DeHaven,* for appellant.

*W. Horace Hepburn, Jr.,* for appellee.

PER CURIAM, February 3, 1932:

Plaintiff sued in assumpsit to recover for rent and other charges alleged to be due under a written agreement, designated a "stockholder's lease," for an apartment in Alden Park Manor, a coöperative apartment building in Germantown, Philadelphia, operated and controlled by plaintiff corporation.

The so-called lease under which defendant held possession, dated June 11, 1926, demised the apartment to her for a term beginning July 1, 1926, and for the duration of plaintiff's charter, subject to various conditions and restrictions. In January, 1929, plaintiff charged defendant with a breach of the terms of the lease, declared it terminated, and entered judgment in ejectment by confession against lessee. The judgment was opened upon application and defendant let into a defense, the questions there involved brought to trial, and a verdict rendered in favor of defendant, who, pending determination of the case, vacated the apartment.

Following the determination of the ejectment proceedings just referred to, plaintiff instituted this action to recover rent assessments for the years 1929 and 1930, electric and gas bills and other services, aggregating $4,372.67, alleged to be due and accrued under the lease of June 11, 1926, the payment of which defendant resists, asserting a rescission of the agreement when plaintiff declared it terminated in January, 1929, and that she has not occupied the apartment since March 1, 1930, at which time she was compelled to vacate "on account of the conduct" of plaintiff's officers and agents. Defend-

ant further claims a set-off and counterclaim of $6,500, the initial payment on the apartment, $1,000 for repairs and decorations, $3,000 on principal of mortgage, and $5,000 "damages for the unlawful, malicious and unwarranted conduct of the officers and agents disturbing her in the use and peaceful and quiet enjoyment of said apartment."

The appeals before us are from the discharge by the court below of plaintiff's rules for judgment for want of a sufficient affidavit of defense, and to strike off the counterclaim set up by defendant.

"Where a doubt exists as to whether a summary judgment should be entered, this should be resolved in favor of refusing to enter it" (Davis et al. v. Investment Land Co., 296 Pa. 449; Ottman et al. v. Nixon-Nirdlinger et al., 301 Pa. 234, 244) ; and "an order discharging a rule for judgment for want of a sufficient affidavit of defense will not be reversed except in such cases as are clear and free from doubt," (Colonial Securities Co. v. Levy et al. (No. 2), 302 Pa. 329, 331; Sharples v. Northampton Trans. Co., 303 Pa. 211, 212), which cannot be said o. the case before us. The court below states: "We discharged the rule for judgment for want of a sufficient affidavit of defense in this case because the plaintiff's right to the rule was not clear. We also discharged the rule to strike off the counterclaim because, although some of the items of damage claimed are clearly not recoverable, others are, and the whole case can be better handled and more exact justice done at the trial than upon the rule."

Since the case must be returned to the court below for trial, we will not discuss any of the arguments presented on this appeal.

The appeals are dismissed with a procedendo.