C. Jackson, to the Use of W. Davis, Jr., Appellant, v. American Auto. Ins. Co.

Argued November 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Samuel C. Nissenbaum,* for appellant.—A policy of insurance is entitled to a liberal construction in favor of the assured and whatever benefits may be drawn from its provisions should be interpreted in his favor: Hillman Transportation Co. v. Insurance Co. of North America, 268 Pa. 547; MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213.

The word "immediate" in a contract must be construed to mean "within a reasonable time": Peoples Mutual Accident Association v. Smith, 126 Pa. 317.

*Philip L. Leidy,* and with him *Layton M. Schoch* and *William Carson Bodine,* for appellee.

OPINION BY PARKER, J., January 25, 1933:

This is an appeal by the plaintiff from an order of the municipal court of Philadelphia discharging a rule for judgment for want of a sufficient affidavit of defense. William F. Davis, Jr., the use plaintiff, brought this action against the defendant insurance company to recover the amount of a judgment which the use plaintiff had obtained against the legal plaintiff, Carroll Jackson, for damages resulting from a collision between the automobiles of the two plaintiffs. The defense, the sufficiency of which is raised by the pleadings, involves a clause in the policy of insurance requiring notice by the assured to the insurer of accidents and suits brought to enforce claims resulting therefrom and covered by the policy. The clause in question is as follows: "Upon the occurrence of any loss or accident covered hereunder, and, irrespective of whether any injury or damage is apparent at the time, the Assured shall give immediate written notice thereof to the Company or to any of its duly authorized agents with the fullest information obtainable at the time (notice of such loss or accident given by or on behalf of the Assured to any authorized agent of the Company, with particulars sufficient to identify the Assured, shall be deemed to be notice to the Company;) however, failure to give such immediate notice shall not invalidate any claim made by the Assured if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible. If a claim is made on account of any such accident, the Assured shall give like notice thereof immediately after such claim is made with full particulars. If any suit is brought against the Assured to enforce such claim, the As-

sured shall immediately forward to the Company every summons or other process as soon as the same shall have been served.''

A part of the affidavit of defense with relation to the notice received is as follows: ''Written notice of the accident of the 14th of November, 1930, was not given to this defendant, or to any of its duly authorized agents, as required by Condition (G) and Condition 2 of the combination policy of insurance; the first notice of the accident received by this defendant or by any of its agents was on January 5, 1931, which was not a notice given as soon as reasonably possible. It is further averred that the summons in the case of William F. Davis, Jr., v. Carroll Jackson, referred to in the docket entries attached to paragraph 10 of the statement of claim, was served on the said Carroll Jackson on December 26, 1930; that the statement of claim therein was served on the said Carroll Jackson on January 5, 1931; that the said Carroll Jackson did not forward the summons referred to to this defendant until January 5, 1931, and failed altogether to forward to this defendant a copy of the statement of claim, in direct violation of Condition (G) and Condition 2 of the combination policy.'' The defendant further averred that on receipt of the notice on January 5th, it had endeavored to locate Jackson and, failing to do so, wrote him requesting all papers, and that Jackson failed to reply and defendant could not obtain an interview with him until February 7, 1931. It was further averred that Jackson kept the statement of claim until February 7, 1931, and by reason of the failure of Jackson to notify the defendant, judgment was entered against him on January 21st, and that on February 11, 1931, defendant notified Jackson that it disclaimed all liability under the policy.

An appellate court will not reverse an order refusing to enter a judgment for want of a sufficient affidavit of defense except in such cases as are clear and

free from doubt: Elliott v. McGoun, 307 Pa. 185; Rodgers v. Mann, 307 Pa. 452; Nationwide B. & L. v. Isaacs, 103 Pa. Superior Ct. 413. "The word 'immediate', in the contract, must be construed to mean within a reasonable time thereafter, under all the facts and circumstances of the case, and what is a reasonable time must be decided by the jury, unless, as before observed, the delay has been so great that the court may rule it as a question of law. A person might be so injured as to be physically unable to give notice for weeks. Hence it is that such questions are referred to the jury to say whether under all the circumstances there has been an unreasonable delay in giving notice": Peoples Accident v. Smith, 126 Pa. 317, 325. In the case to which we have just referred, the notice was not given until twenty-seven days after the accident, and there being extenuating circumstances, the court refused to say as a matter of law that immediate notice was not given. Also see Edelson v. Amer. Emp. Ins. Co., 92 Pa. Superior Ct. 90.

We are all of the opinion that this is a case where a proper judicial determination of the controversy would be facilitated by an opportunity for a broader inquiry into the facts than is presented by the bare pleadings. With a full view of all the facts produced, the trial court will be in a position to determine whether it is for the court or jury to say what was a reasonable time within which notice should have been given to the defendant.

The order of the court below refusing judgment is affirmed.