## Gordon, Secretary of Banking, *v.* Continental Casualty Co.

110

Argued March 22, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Louis J. Wiesen,* with him *Emrys G. Francis* and
*David, Fruit & Anderson,* for appellant.—There is no
statutory denial of a defrauded bonding company's right
to plead the fraudulent application as a defense.

Substantive matters of legal rights should not be ad-
judicated by rules of evidence which can be changed be-
fore trial.

In this case, the fraudulent application, being col-
lateral to the bond and not a part thereof, and operating

as the inducing cause for the execution of the bond, was such a complete defense as to preclude the entry of judgment for the reason that it relates back to the integrity of the mutual consent required of the contracting parties at the inception of the relation.

*Thos. H. Armstrong,* with him *William A. Schnader,* Attorney General, and *Shippen Lewis,* Special Deputy Attorney General, for appellee.—The defense being based entirely on matters set forth in the application, it is insufficient. The application was not attached to the bond so as to make it part of the contract and available as a defense.

OPINION BY MR. JUSTICE SIMPSON, April 17, 1933:

The questions raised on this record are both interesting and important, and have been argued with marked ability by the respective counsel. As, however, the appeal is from a summary judgment, entered against defendant for want of a sufficient affidavit of defense, it cannot be sustained if a substantial doubt exists as to the propriety of its entry: Davis v. Investment Land Co., 296 Pa. 449; Chelten Ave. Building Corporation v. Mayer, 306 Pa. 225. Under such circumstances, the judgment will be reversed and the parties remitted to a trial to establish the facts on which they rely for their recovery or defense. We are of opinion this is a proper case for the application of that rule.

In November, 1929, the Dollar Title & Trust Company of Sharon, Pa., through its secretary-treasurer, made a written application to the defendant for a banker's blanket bond, guaranteeing the honesty and integrity of a number of its employees, among them the secretary-treasurer himself. On the faith of the statements in the application, defendant issued the indemnity bond, upon receipt from the trust company of the required premium. Subsequently, the secretary-treasurer embezzled funds of the trust company, in a sum exceeding the amount of

the bond; due notice was given by the trust company to defendant, and, the latter failing to pay, the present suit was brought.

Plaintiff declared on the indemnity bond; defendant filed an affidavit of defense and alleged new matter, also including in the latter a copy of the written application made by plaintiff, and basing its defense largely on alleged misstatements made therein. Plaintiff moved for judgment for want of a sufficient affidavit of defense, which the court below made absolute, because, under section 318 of "The Insurance Company Law of 1921," P. L. 682, 701, the application was not admissible in evidence or to be considered a part of the contract, even on a rule for a summary judgment, because it had not been attached to the bond when it was issued by defendant. Whether or not this conclusion was correct was the subject of much contention here, but we will not decide the point at this time.

The affidavit of defense averred that, before the date of the application for the indemnity bond, the secretary-treasurer who applied on behalf of plaintiff, was himself an embezzler from plaintiff in the amount of $26,745.94, yet it was stated in the application, as an inducement to defendant to issue the bond, "That the present officers and employees of the applicant [including, of course, the secretary-treasurer himself]......have all, to the best of applicant's knowledge and belief, while in the service of the applicant, always performed their respective duties faithfully. There has never come to the notice or knowledge of the applicant any act, fact or information indicating or tending to indicate that any of the said officers or other employees are unreliable, deceitful, dishonest or unworthy of confidence."

Plaintiff, being a corporation, could not personally have any knowledge on this subject; consequently the language quoted could only refer to knowledge of the executive officers, directors or stockholders of plaintiff, among the first of which was the secretary-treasurer,

who, of course, knew that he was an embezzler, yet was seeking to have defendant guarantee his fidelity, which, presumptively at least, it would not do if the fact of that embezzlement was disclosed. Relying on Gunster v. Scranton Illuminating, etc. Co., 181 Pa. 327; National Union Fire Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212, and kindred cases, plaintiff contends that since the secretary-treasurer, in embezzling plaintiff's assets, was acting antagonistically to plaintiff, knowledge of that fact cannot be imputed to plaintiff, or to its other executive officers, directors or stockholders. Here, also, it is not necessary to determine that question at the present time; it may not be necessary to decide it at all, when the facts are developed at the trial.

Section 8 of the bond says: "No statement made in the application for this bond *or otherwise submitted* by or in behalf of the insured shall be deemed a warranty of anything except of the fact that the statement is true to the best of the knowledge and belief of the person making it." The "person" who made the false statement regarding the past conduct of the employees, whose future integrity defendant was asked to guarantee, was the secretary-treasurer, who, as stated above, had himself previously been an embezzler from plaintiff. Perhaps a fair interpretation of that section, if it stood alone, would be that the "statement made [by the secretary-treasurer]......shall be deemed a warranty......of the fact that the statement is true to the best of [his] knowledge and belief." If so, this warranty was broken as soon as it was made. The section does not stand alone, however.

If it be thought that the first part which says that "No statement made in the application for this bond or otherwise......" should operate to exclude the entire section from consideration, because the application was not attached to the policy, it would suffice to say, in the first instance, that section 318 of "The Insurance Company Law of 1921," which deals with this subject, does

not exclude proof of the fact, but only excludes its proof by the application itself, if not attached to the policy. Whether or not the fact can be otherwise proved, will be known when the case is tried in due course. If, in applying for the bond, the statement as to the honesty of the employees, whose fidelity was to be insured, was "otherwise submitted" to defendant, than in the application for the bond, and its inaccuracy is proved on the trial, the misstatement thus made may be a complete defense to this suit on the bond.

The judgment of the court below is reversed and a procedendo is awarded.