Cain *v.* Crow, Appellant.

Before TREXLER, P. J., KELLER, CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Charles Henry Fleming,* and with him *Robert Bruce Greer,* for appellant.

*John J. Laffey,* for appellee.

OPINION BY KELLER, J., October 3, 1934:

This is an appeal by defendant from a judgment entered in favor of the plaintiff for want of a sufficient affidavit of defense to plaintiff's statement of demand. The action was in assumpsit to recover commissions alleged to be due on the sale of real estate.

The rule is well settled that judgment will not be entered summarily for the plaintiff on the pleadings unless his right to it is clear and free from doubt: Ashland Towson Corp. v. Kasunic, 110 Pa. Superior Ct. 496, 168 A. 502; Gordon v. Continental Casualty Co., 311 Pa. 109, 111, 166 A. 557; Chelten Ave. Bldg. Corp. v. Mayer, 306 Pa. 225, 159 A. 25. The plaintiff's statement, in order to support such a judgment, must be self-sustaining, and set forth such averments of facts as, if not controverted, would entitle him to a verdict for the amount of his claim: Chestnut Street National Bank v. Ellis, 161 Pa. 241, 28 A. 1082; Baldwin v. Ely, 113 Pa. Superior Ct. 233, — A. —.

In order to sustain the entry of judgment the court below was obliged to refer to, and in some degree rely upon, (1) the terms of a contract for the sale of real estate, which was not annexed to or made a part of plaintiff's statement; and (2) the contents of a deed not made a part of plaintiff's statement, or referred to in it, either by quoting from it or by reference to the records of the recorder's office of Allegheny County. This it had no right to do. The judgment, being summary in character, must rest on the pleadings as filed and cannot be helped by extraneous matter.

On the pleadings, as they stand, plaintiff's right to judgment is not sufficiently clear to warrant summary action by the court. It is not necessary, at this stage of the case, to go more fully into the facts. The issues of fact raised by plaintiff's claim and defend-

ant's counterclaim can best be determined after a hearing of the relevant evidence.

The judgment is reversed; defendant's counterclaim is reinstated; and a procedendo awarded.

