### Kramer, Appellant, v. Mutual Life Insurance Company of N. Y.

Argued December 14, 1934.

Before KEL-
LER, BALDRIGE, STADTFELD and PARKER, JJ.

*Arthur S. Arnold,* and with him *Harry Norman Ball,* for appellant.

*Arthur G. Dickson,* for appellee.

OPINION BY KELLER, J., February 1, 1935:

This is an action of assumpsit on a policy of life insurance, for $2000, issued March 24, 1925. The policy, attached to the plaintiff's statement, showed by an endorsement upon it that on January 19, 1933 it had been assigned to the insuring company, this defendant, as security for a loan, which loan and the interest thereon constituted an indebtedness against the

policy. The amount of the loan was not stated in the endorsement.

The plaintiff, the beneficiary named in the policy, notwithstanding this endorsement brought suit for the face value of the policy, $2000, and averred, in her statement of claim, that the insured died on March 12, 1934, and that due proof of death had immediately thereafter been furnished defendant by the plaintiff on the form of the defendant company, in accordance with the terms and conditions of the policy.

The defendant, in its affidavit of defense, denied that any proof of death of the insured had at any time been furnished to it by or on behalf of the plaintiff. It also averred, by way of new matter, that under the terms of the policy an annual premium of $96 was payable on the 24th day of March of each year in advance; that the premium of $96 due May [March?] 24, 1933 was not paid by or on behalf of the insured on said date or within thirty-one days thereafter and the policy lapsed thereupon for default in payment of premium, subject to the rights reserved in the policy; that under its terms, the said policy, upon lapse for non-payment of the premium, was automatically continued as extended term insurance in the sum of $1684, for 253 days from March 24, 1933, or until December 2, 1933, after which the said policy had no value; that the said policy was, therefore, not in force, either as originally issued in the sum of $2000, nor as extended insurance, when the said Nathan Kramer died on March 12, 1934.

By the terms of the policy, it had at the end of eight years on March 24, 1933, a cash or loan value of $350.22; or paid-up non-participating life insurance of $574.20; or paid-up non-participating term (continued) insurance in the amount of $2,000 for eight years and 335 days; and the insured was given the right, for three months after non-payment of any premium

due, to elect one of three options, viz.: "(a) to surrender this policy for its cash value less any indebtedness to the Company hereon (this balance is hereafter referred to as the net cash value); or, (b) to have the insurance continued in force from the date of such default as paid-up non-participating term insurance without disability or double indemnity benefits, for an amount equal to the face amount of this policy and any outstanding dividend additions less any indebtedness to the Company hereon; or, (c) to surrender this policy for paid-up non-participating life insurance without disability or double indemnity benefits, payable at the same time and on the same conditions as this policy." If no such election was made the insurance would be automatically continued as provided in option (b). It also provided: "Loans—At any time while this policy is in force, provided at least three full years' premiums shall have been paid and no premium is in default, the Company will advance, on proper assignment and delivery of this policy and on the sole security hereof, an amount which, with interest thereon to the current policy-year, shall be equal to, or at the option of the owner less than, the cash value at the ,end of said year; any existing loan hereon with accrued interest, and any unpaid portion of said current policy-years' premium shall be paid out of such advance. Interest on the loan shall be at the rate of six per centum per annum and shall be payable at the end of each policy-year, and this interest, if not paid when due, shall be added to the existing loan and shall bear interest at the same rate. The loan with accrued interest may be repaid to the Company at any time. Failure to repay any such advance or to pay interest shall not avoid this policy unless the total indebtedness hereon to the Company shall equal or exceed the cash value at the time of such failure, nor until one month after notice shall have been mailed by the Com-

pany to the last known address of the insured and of the assignee of record, if any, at the Home Office of the Company, but if, at any time, such indebtedness, together with accrued interest thereon, shall equal or exceed the then cash value of the policy, the policy shall become void one month after notice shall have been mailed by the Company to said last known address ...... Any indebtedness to the Company under the policy shall be deducted in any settlement thereof."

The court below entered judgment for the defendant for want of a sufficient reply by plaintiff to the new matter set up in the affidavit of defense.

We do not think this was a case for a summary judgment for either plaintiff or defendant. See Pyles v. Bosler, 308 Pa. 297, 162 A. 286.

The denial of compliance by the plaintiff with the requirement of the policy as to proofs of death was sufficient to prevent judgment for the plaintiff for want of a sufficient affidavit of defense.

On the other hand, in order to secure a judgment for the defendant on the new matter set up in the affidavit of defense under the Act of April 22, 1929, P. L. 627, the averments must be as specific as in a plaintiff's statement: Colonial Securities Co. v. Levy, 302 Pa. 329, 153 A. 553. The defendant should have definitely and specifically averred the amount of the loan on, or indebtedness against, the policy; whether anything had been paid on account of its principal or interest; the amount of any outstanding dividend additions to the policy; and set forth by specific reference to the provisions of the policy the rights accruing to the insured or his beneficiary under those provisions, as applied to the facts averred. In the absence of such specific averments there is no *basis of fact* in the affidavit for the *conclusion* contained in the new matter that the policy "automatically con-

tinued as extended term insurance in the sum of $1,684 for 253 days from March 24, 1933, or until December 2, 1933, after which the said policy had no value." The affidavit of defense nowhere sets forth the indebtedness (principal and interest) due the insurance company when default was made in the payment of the premium due March 24, 1933 or three months thereafter. As interest is demandable only at the end of each policy year, the alleged indebtedness should be separated into principal and interest, so that the appropriate provisions of the policy can be applied to the facts.

It is not apparent to us from the facts set forth in the statement of claim and affidavit of defense, in connection with the provisions of the policy itself, how the calculation presented by the defendant in the eleventh paragraph of the affidavit of defense is arrived at. It cannot be obtained without resorting to facts, figures or data not before us in the record; and this may not be done in entering a summary judgment on the pleadings: Cain v. Crow, 114 Pa. Superior Ct. 567, 174 A. 589.

In this connection we call attention to the very recent decision of this court in Roeser v. National Life Ins. Co., 115 Pa. Superior Ct. 409, 175 A. 887, which may be pertinent when the facts are presented.

The judgment is reversed with a procedendo.