Gehret *v.* Mitten Bank Securities Corporation, Appellant.
Clisdell *v.* Mitten Bank Securities Corporation, Appellant.
Dworkin *v.* Mitten Bank Securities Corporation, Appellant.

Argued October 2, 1935 and October 10, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George Henry Huft,* for appellant.

*Ralph S. Croskey,* with him *Edward S. Lawrence, Jr.,* for appellees, (Nos. 28 and 29).

*Barnie F. Winkelman,* for appellee, (No. 188).

OPINION BY KELLER, P. J., December 18, 1935:

These three appeals raise practically the same question and, though argued separately, may be disposed of together in one opinion.

All three cases were actions in assumpsit brought by the respective plaintiffs against the defendant to recover from it the par value, ($25 per share), of preferred stock issued by the defendant to the several plaintiffs under an offer and proposal to buy back the same at $25 per share,—less a service charge of twenty-five cents per share—at any time the purchaser would request defendant to do so, if done prior to the said stock being listed on the Philadelphia Stock Exchange or notice given of the withdrawal of said offer to repurchase.

The plaintiffs severally averred the purchase from defendant of its preferred stock, under the offer and proposal of the defendant to repurchase the same as aforesaid, and in reliance on the same, to wit, Pauline E. Gehret, 40 shares, for which she paid $1,000; Ida C. Clisdell, 20 shares, for which she paid $500; and Harry Dworkin, 82 shares for which he paid $2,050; their several calls or demands on the defendant to repurchase the said preferred stock before it was listed on the Philadelphia Stock Exchange, or any notice of the withdrawal of said offer and agreement to repurchase the same had been given them by the defendant, and the

refusal and neglect of the defendant to repurchase their preferred stock and pay the sums due the respective plaintiffs under said offer and agreement; and claimed to recover from the defendant the amounts alleged to be due them respectively under said offers and the purchases made pursuant to and in reliance upon them.

The defendant filed an affidavit of defense in each case, denying its liability to the respective plaintiffs, and, by way of 'new matter' set forth, in each affidavit, inter alia, the following averments:

"That to repurchase from plaintiff the stock of the defendant held by her, [him] at par or at par less 25 cents per share, would be prejudicial to the rights of creditors and other stockholders of the defendant, would injure its financial status and create a preference in favor of the plaintiff as between plaintiff and other stockholders.

"That the defendant is not in possession or ownership of funds, property or revenues or the proceeds of its property or business which could be applied to the redemption or repurchase of its outstanding stock, including the stock held by plaintiff,[1] without injury [injustice] to the existing rights of creditors and other stockholders, or without depriving defendant [the corporation] of funds, property and revenues necessary to the usual, current and proper business of the defendant [company]."

No reply was filed by the plaintiffs Gehret and Clisdell to the new matter set forth in the affidavit of defense. Dworkin, in his reply answered the above quoted averments as follows:

"In answer to the irrelevant averments of paragraphs 14 and 15, the plaintiff submits that his own payment

---

[1] In the Dworkin case, this clause read: "of the stock of defendant held by plaintiff." The words in brackets are used in Dworkin's Affidavit instead of those appearing in the Gehret and Clisdell affidavits.

of over $2,000 to the defendant for stock which today has only a nominal value, was distinctly prejudicial to his own financial status; that he is himself without funds for his own usual and current business, and that the issues of preferences and rights of creditors raised by the defendant, entirely relevant in receivership or bankruptcy proceedings are entirely immaterial here in a suit on a contract of redemption."

The defendant thereupon obtained rules on the plaintiffs Gehret and Clisdell, respectively, to show cause why judgment should not be entered in its favor and against the plaintiff for want of a reply to such new matter; and a rule on the plaintiff Dworkin to show cause why judgment should not be entered against him and in favor of the defendant, for want of a sufficient reply to such new matter. The lower court in each case[2] discharged the rule and the defendant appealed.

The Act of April 22, 1929, P. L. 627, (amending certain sections of the Practice Act of 1915, P. L. 483) provides, (Section 15), *inter alia,* "The set off, counterclaim, or new matter, if it consists of an affirmative defense, shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto."

Construing this provision the Supreme Court has ruled that it is sufficient to warrant an appeal from a refusal to enter judgment in favor of a defendant for want of a sufficient reply by the plaintiff, under the Act of April 18, 1874, P. L. 64, regulating affidavits of defense: Colonial Securities Co. v. Levy, 301 Pa. 229, 151 A. 811; but at the same time it held that the refusal of the court below to enter such judgment "will not be reversed unless the pleadings demonstrate, or show beyond doubt that the appellant was entitled to

---

[2] Judge BONNIWELL, in the Gehret and Clisdell cases; Judge MILLAR, in the Dworkin case.

the judgment asked" (p. 231). See also Colonial Securities Co. v. Levy, 302 Pa. 329, 153 A. 553.

Considering the averments of new matter, as aforesaid, as the defendant's statement of claim, it is subject to two established principles which govern the entry of judgment for want of, or for want of a sufficient, affidavit of defense.

(1) Regarded as a statement of claim it must be pleaded with as much certainty, and be as full and specific in its averments of facts, as a plaintiff's statement must be in order to support a judgment for want of a sufficient affidavit of defense: Kramer v. Mutual Life Ins. Co., 116 Pa. Superior Ct. 572, 576, 176 A. 744; O'Neil v. Burnett, 263 Pa. 216, 106 A. 246; Gross v. Exeter Machine Works, 277 Pa. 363, 368, 121 A. 195; Berko v. Kemper Const. Co., 65 Pa. Superior Ct. 589; Michelin Tire Co. v. Schulz, 295 Pa. 140, 144, 145, 145 A. 67.

(2) The averments of new matter,—if it consists of an affirmative defense—must be allegations of fact, not conclusions of law. "General averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient": Kaufman v. Cooper Iron Co., 105 Pa. 537, 541. See also Levine v. Pittsburgh State Bank, 281 Pa. 477, 481, 482, 127 A. 68; Klerlein v. Fred Werner Co., 98 Pa. Superior Ct. 440, 446. In P. & R. C. & I. Co. v. Tamaqua School Dist., 304 Pa. 489, 495, 156 A. 75, the Supreme Court, speaking through Mr. Justice KEPHART, said concerning this very section of the statute: "The lower court disposed of the objection of plaintiff's failure to reply within fifteen days to certain new matter in its opinion by holding that the act declares only allegations of fact are admitted and not conclusions of law ...... The new matter relied on by defendant was a statement of the legal grounds upon which the defense rested. Such statements required no answer."

Judged by these standards the defendant was not entitled to have judgment entered in its favor, for want of a plaintiff's reply or for want of a sufficient plaintiff's reply. The new matter set up in the affidavit of defense was lacking in both of the requirements just above mentioned. It did not set forth the *facts* upon which it relied with the fullness and particularity required of a *statement of claim*; and the clauses specially relied upon were not averments of fact but, rather, only conclusions of law, or, in the language of Mr. Justice KEPHART,[3] "a statement of the legal grounds upon which the defense rested"; and as a consequence, they "required no answer."

The new matter pleaded in the affidavit of defense did not set forth the amount of preferred stock of the defendant company outstanding in the hands of the public when demands for its repurchase were made by the plaintiffs respectively; nor any definite averment that it had creditors to whom it presently owed money on those respective dates, or the amount of such indebtedness, if any; nor the corresponding cash or other liquid assets in its possession on said dates, applicable to such indebtedness; or any other facts or data from which the court or a jury, in the event of a trial, could determine whether the defendant was justified in drawing the legal conclusions (1) that the repurchase of the plaintiffs' stock at par or at par less twenty-five cents per share, would be prejudicial to the rights of creditors and other stockholders; or (2) that the defendant was not in the possession or ownership of funds, etc., which could be applied to the redemption or repurchase of plaintiffs' preferred stock, without injury to the existing rights of creditors and other stockholders. See Wolf v. Excelsior Automatic Scale & Supply Co., 270 Pa. 547, 550, 113 A. 569; Illoway v. Daly, 65 Pa. Superior Ct. 333, 336.

---

[3] 304 Pa. 495.

Being an affirmative defense the burden is on the defendant to prove at the trial the *facts* necessary to sustain the ground of defense which it sets up, and to support the legal conclusions it presents in defending against the plaintiffs' rights to recover: Chandler v. Lafferty, 282 Pa. 550, 128 A. 507.

The defense is clearly founded on the case of Warren v. Queen & Co., 240 Pa. 154, 87 A. 595, which was decided when the Practice Act of 1887, P. L. 271, was in force, and held that a similar averment in the affidavit of defense filed in that case was sufficient to prevent a summary judgment, and "if sustained on the *trial* of the cause will prevent recovery" (p. 160); and, of course, on the trial, the *facts* sustaining the averment would have to be produced in evidence. It could be proved in no other way. Under the Act of 1887 an affidavit of defense was not a *pleading,* (Muir v. Preferred Acc. Ins. Co., 203 Pa. 338, 53 A. 158) and the Supreme Court had ruled that it need not be framed with the technical accuracy necessary for a pleading (Kaufman v. Cooper Iron Co., supra, p. 542; Thompson v. Clark, 56 Pa. 33); nor be subjected to close technical examination as if it were a pleading: Andrews v. Blue Ridge Packing Co., 206 Pa. 370, 372, 55 A. 1029. But the Practice Act of 1915 (sec. 2) makes it a pleading; and when new matter is set up as an affirmative defense it is to be regarded as a plaintiff's statement, and must have the definiteness and particularity of a statement; and averments which may be sufficient to *prevent* a summary judgment are not necessarily sufficient to *support* a summary judgment for want of a plaintiff's reply or for want of a sufficient plaintiff's reply. See Chestnut St. Nat. Bk. v. Ellis, 161 Pa. 241, 28 A. 1082; Penn Nat. Bk. v. Kopitzsch Soap Co., 161 Pa. 134, 28 A. 1077; Fritz v. Hathaway, 135 Pa. 274, 280, 19 A. 1011; Com. v. Hoffman, 74 Pa. 105; Parry v. First Nat.

Bk., 270 Pa. 556, 559, 113 A. 847; Taggart v. DeFillippo, 315 Pa. 438, 173 A. 423.

On full consideration we are of opinion that these are cases requiring a broad inquiry into facts, which ought to be presented by way of evidence to a jury, which is the proper tribunal to pass on questions of fact, and that they are not cases which should be decided summarily by a court: Johnson v. Mercantile Ins. Co., 93 Pa. Superior Ct. 357; Griffith v. Sitgreaves, 81* Pa. 378, 382; Jackson v. American Auto Ins. Co., 108 Pa. Superior Ct. 34, 38, 164 A. 116; County Savings Bk. v. Gillette, 273 Pa. 262, 116 A. 891. The power to enter such summary judgments is intended only for clear cases: P. R. R. Co. v. Coles, 87 Pa. Superior Ct. 432, 435; Lee Lash Co. v. Russell Sales Co., 92 Pa. Superior Ct. 598, 600; Hassam Paving Co. v. Stipp, 249 Pa. 94, 97, 94 A. 557.

With this disposition of the case we shall not consider the merits or pass upon the contention of the plaintiff Dworkin that the provision in the present offer of repurchase giving the defendant the right to withdraw the same *on notice,* distinguishes these cases from Warren v. Queen & Co., supra.

The order appealed from is affirmed in each case.

No. 28 October Term, 1935, order affirmed.

No. 29 October Term, 1935, order affirmed.

No. 188 October Term, 1935, order affirmed.