# Peters v. Welsh

*Reilly & Fogwell,* for plaintiffs.
*Gawthrop & Greenwood,* for defendants.

RILEY, J., September 23, 1964.—This action in trespass was instituted by plaintiffs first filing a praecipe for writ of summons which was issued on January 25, 1961, and followed by the filing of a complaint on February 2, 1961, in which plaintiffs claimed compensation for personal injuries alleged to have occurred as a result of an automobile accident occurring on March 8, 1959. Neither the summons nor the complaint was served on defendants and nothing further then occurred until February 25, 1963, when the complaint was reinstated and service was then made upon defendants. Defendants filed an answer to the complaint

in which they set forth the above facts under "New Matter" and stated thereafter in paragraph 6: "That the present action is now barred by the provisions of the Act of March 27, 1713, 1 Sm. L. 76 sec. 1, 12 P.S. 31." Plaintiffs filed an answer to the "New Matter" in which they admitted the several averments relative to the issuing of the summons, failure to serve the complaint, its subsequent reinstatement and service and in answer to paragraph 6 averred "It is denied that the present action is now barred by the provisions of the Act of 1713 or any other act." Defendants have filed a motion for judgment on the pleadings which is now before us. Defendants' position is that plaintiffs have pleaded themselves out of court by their specific admissions and general denial of paragraph 6. Plaintiff's view is that no answer is required to paragraph 6 as it is but a pure conclusion of law and further no answer is required to new matter in trespass, citing our decision in Wood v. Parks, 33 D. & C. 2d 225. They also argue that the Statute of Limitations, the subject of the Act of 1713 cited in defendant's answer to the complaint, may be avoided in a number of ways and the mere passage of time is not conclusive that the action is ipso facto barred.

The first point to be cleared is that the confusion of decisions relative to whether an answer is required to new matter in trespass actions existing prior to the Amendment of April 1962 to Rule 1045 (b) of the Rules of Civil Procedure has now been clarified by that amendment and there is no doubt whatever that an answer is now required to all averments of new matter in trespass actions save those relating to contributory negligence under penalty of admission of the facts averred. The amendment in this regard is clear and explicit: "A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than aver-

ments relating to contributory negligence." By reason of the amendment, our decision in Wood v. Parks is no longer the law insofar as it relates to the requirement to answer averments set forth in new matter in trespass actions.

Plaintiff does not contest the rule that the issuance of a summons tolls the statute for two years from the date of its issuance but no longer and, as applied to this case, it is admitted that more than two years elapsed between the issuance of the summons, or even the filing of the complaint and its reinstatement on February 25, 1963: Marucci v. Lippman, 406 Pa. 283. On the face of the pleadings, the answer admitting such facts, it would appear that the action would be barred by the two year statute of limitations, Act of 1713, supra.

Plaintiff's argument against such a conclusion, however, is that defendant's allegation of the running of the statute is merely an allegation of a conclusion of law and the "fact" is not therefore admitted and, secondly, it is in fact denied by his answer.

It is of course true that a naked allegation in new matter that the statute of limitations has run is not a sufficient one: Silverman v. Oil City Glass Bottle Co., 110 Pitts. L. J. 221. The rule of pleading as stated in the words of the Superior Court is: "General averments of matters which in themselves are legal conclusions, from facts not stated, are insufficient": Gehret v. Mitten Bank Security Corp., 120 Pa. Superior Ct. 198; Neizer v. School District, 6 Chester 255. However the qualification of the rule, namely "from facts not stated" must be noted. In the instant case the specific facts upon which the conclusion is sought to be based are specifically set forth, namely the procedural incidents relating to the times and the partial tolling of the statute. These facts plaintiff has admitted and seeks to avoid the conclusion with a mere general denial. We believe the affirmative defense of the statute

has been properly pleaded with the facts giving rise to it being set forth. What ordinarily may be a conclusion when stated alone may, when taken with other allegation of fact, be a proper method of apprising the other party of the defense raised: Feiner v. Feeser Contracting Co., 57 Schuyl. 212. If plaintiff admits the basis of the conclusion, he admits the conclusion unless he avoids its applicability by the averment of facts not theretofore pleaded. We accord with plaintiff that there may be other means of avoiding the statute of limitations but he has not so pleaded. A general denial is not sufficient and a mere denial in the words of the complaint is an admission: Alliance Discount Corp. v. Shaw, 195 Pa. Superior Ct. 601. Proper pleading requires not only a denial of the defense raised but also the averment of facts to show what did happen in answer to the allegation of the other party: Blythe v. J. S. Mozino & Co., 46 Del. Co. 335. If plaintiff has an avoidance of the bar of the statute, then such facts as may constitute that avoidance should be stated and the issue is thereby joined.

A motion for judgment on the pleadings is in the nature of a final demurrer before trial: Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312; Walton v. Chilla, 28 D. & C. 599. However, unless the defect is clear and unamendable final judgment should not be entered: Ross v. Metropolitan Life, 403 Pa. 135; Agricultural Carriers v. Paxson, 10 Chester 348; Alenovitz v. East Whiteland Township, 6 Chester 237. We coincide with the words of Judge Diggins of Delaware County in Blythe v. J. S. Mozino & Co., 46 Del. Co. 335, "However, the defendant's failure to properly plead his defense is a technicality and in order to prevent the case from turning upon purely technical defects, the answer may be amended, even at trial, to make specific denials instead of general ones." In the case before us if plaintiff intends to set up facts in avoidance of the

apparent running of the statute of limitations he must aver them in answer to paragraph 6 of defendant's new matter. If such averments are so made we would then be in a position to rule upon their sufficiency as a matter of law and enter final judgment if insufficient to avoid the bar of the statute: Oldhauser v. Stauffer, 19 D. & C. 2d 647; Bonfitti v. Bonfitti, 10 D. & C. 2d 598.

Defendants' motion for judgment on the pleadings is sustained with leave to plaintiff to file an amended answer to defendants' new matter within 20 days of this date. Upon failure of plaintiff to file such answer within 20 days aforesaid judgment in favor of defendants upon the pleadings shall become final.